## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **KENRICK T. COLLINS,** | § | **CIVIL ACTION NO.:** |
| | § | |
| **Plaintiff,** | § | **SECTION:** |
| | § | |
| VS. | § | **MAGISTRATE JUDGE:** |
| | § | |
| **UNION PACIFIC RAILROAD** | § | **TRIAL BY JURY REQUESTED** |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, KENRICK T. COLLINS, hereinafter referred to as "Collins", brings this action

to recover damages for personal injuries sustained by plaintiff, while employed by Defendant,

UNION PACIFIC RAILROAD COMPANY, (UPRR), while engaged in interstate commerce and

respectfully shows   the Court the following:

## I.   PARTIES

1.      Plaintiff, KENRICK T. COLLINS is an adult individual and citizen of the State of

Louisiana.

2.      Defendant, UNION PACIFIC RAILROAD COMPANY, is an interstate carrier and at all

times material to this cause of action maintained a principal place of business in Louisiana

including in particular a rail yard in Livonia, Louisiana.  The designated agent for service of

process is C. T. Corporation Systems, 5615 Corporate Blvd., Suite 400B, Baton Rouge,

Louisiana 70808.

3.      Defendant employed Plaintiff as a Signal Maintainer serving its activities as a common

carrier by rail engaging in interstate commerce.

## II. JURISDICTION

4.      Jurisdiction in the United States District Court for the Eastern District of Louisiana, is

proper pursuant to the Federal Employers' Liability Act, 45 U.S.C.A. §51 *et. seq.*, commonly

known as "FELA", under which Plaintiff's claims arise.

## III. VENUE

5.      Venue is proper in the United States District Court for the Eastern District of Louisiana,

pursuant to 28 U.S.C. § 1391(a)(3) because Defendant Union Pacific is subject to personal

jurisdiction within said District.

## IV. FACTS

6.      On or about July 10, 2014, while employed by the Defendant as a Signal Interlocker

Repairman under the direct control of Defendant's agents, servants, and employees, Collins

sustained serious bodily injury when his right leg was amputated by a Remote Control

Locomotive (RCL).   Collins was assigned to the Livonia Yard working the night shift when he

received a call from the yardmaster regarding a wheel detector that was not working correctly.

Once he got to the location, Collins spoke with the Remote Control Operator (RCO) and told him

that he would be working on the 102 track wheel detector.   The RCO told Collins that he would

be coming by him with three locomotives to switch the bowl and would contact him by radio

when the switching was done, and when he was coming out of the bowl.   Collins was working

on the wheel detector at the #008 switch, when with no warning, the RCL showed up and struck

him, knocking him down onto the rail.   The RCL train wheel ran over Collins' right leg

amputation it below the knee.

## V.   VIOLATION OF THE FEDERAL EMPLOYERS' LIABILITY ACT

7.      The Defendant, acting by or through its officials, agents, servants, borrowed servants, and

employees was negligent in causing the Plaintiff's injury, in whole or in part, in the following

particulars:

      (a)     Defendant failed to provide Plaintiff with a reasonably safe place to work in that Defendant UPRR failed to protect the RCL shove;

      (b)     Defendant violated **49 CFR Sec. 214.339** by failing to issue audible warnings from the RCO to Plaintiff Collins.  Such failure establishes Negligence Per Se;

      (c)     Defendant violated **49 C.F.R. Section 218.99** by failing to properly protect the movement of the equipment which struck Plaintiff. Such failure establishes Negligence Per Se;

      (d)     Defendant UPRR through its RCO failed to issue any type of warning, including radio transmission or proper lighting on the RCL at the time of Plaintiffs injury:

      (e)     Defendant failed to properly supervise its agents so as to provide a safe place to work;

      (f)     Defendant UPRR failed to provide a qualified lookout for Plaintiff to complete his work, which required Plaintiff to work without proper protection;

      (g)     Defendant failed to provide proper and adequate lighting in the area of the # 008 switch in the Trim yard in Livonia, Louisiana;

      (h)     Defendant assigned Plaintiff to work in a situation or condition, which it knew or in the exercise of reasonable care should have known was likely to cause Plaintiff injury;

      (i)     Defendant UPRR failed to implement a Safety Action Plan once a serious injury has occurred;

      (j)     All other acts and omissions by the Defendant, which may be brought out at trial.

## VI. DAMAGES

8.      As a direct result of Defendant negligence, Plaintiff has suffered or will suffer the following injuries and damages:

(a)     Physical pain and suffering in the past;

(b)     Physical pain and suffering for the remainder of his life;

(c)     Mental and emotional pain and suffering in the past;

(d)     Mental and emotional pain and suffering for the remainder of his natural life;

(e)     Medical expenses incurred in the past for treatment of his injuries;

(f)     Medical expenses into the future for the remainder of his life expectancy;

(g)     Loss of earnings in the past;

(h)     Lost earning capacity and benefits that will be sustained in the future;

(i)     Physical impairment and loss of life's enjoyment in the past;

(j)     Physical impairment and loss of life's enjoyment in the future; and

(k)     Disfigurement that has occurred due to his amputation of his right leg below the knee.

## VII. JURY DEMAND

10.     Plaintiff demands a trial by jury.

## VIII. PRAYER

11.     WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant, for a sum within the jurisdictional limits of this Court.   Plaintiff seeks the following relief:

4

(a)     Judgment for all of Plaintiff's actual damages;

(b)     Judgment for post-judgment interest in the highest amount allowed
by law;

(c)     Judgment for court costs; and

(d)     Such other relief to which Plaintiff may be entitled.


Respectfully submitted,

**DAVIS, SAUNDERS, MILLER & ODEN, PLC**

*/s/ Joseph M. Miller*

By: _____

**JOSEPH M. MILLER #30636**
**CARISA GERMAN-ODEN #31463**
**BENJAMIN B. SAUNDERS #11733**
400 Mariners Plaza Drive, Suite 401
Mandeville, Louisiana   70448
Telephone: (985) 612-3070
Facsimile:   (985)612-3072
bensaunders@davissaunders.com
jmiller@davissaunders.com

**JONES, GRANGER, TRAMUTO & HALSTEAD**
**ROBERT M. TRAMUTO**
TBN: 20186300
Fed ID: 6863
10000 Memorial Drive, Suite 888
Houston, Texas 77024
713/668-0230
713/956-7139
btra@jonesgranger.com

ATTORNEYS FOR PLAINTIFF